**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 14 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINLEY INVESTMENTS, an Isle of Man Limited Company; ORPENDALE, Incorporated in the Republic of Ireland; LYNCH BAGES LIMITED, Incorporated in the Republic of Ireland; WYNATT, Incorporated in the Republic of Ireland; CHELSTON IRELAND, Incorporated in the Republic of Ireland; SPRINGCON, Incoporated in the Republic of Ireland<br><br>        Petitioners-Appellees,<br><br>  v.<br><br>JERRY JAMGOTCHIAN,<br><br>        Respondent-Appellant. | No.   14-56437<br><br>D.C. No.<br>2:11-cv-00724-JAK-RZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted November 8, 2016
Pasadena, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  WARDLAW and BYBEE, Circuit Judges, and BELL,** District Judge.

Jerry Jamgotchian appeals the district court's confirmation of the arbitration awards entered in favor of the appellees (collectively, "Coolmore") in the United Kingdom.  We affirm.

Courts must enforce foreign arbitration awards unless one of seven defenses enumerated in the Convention on the Recognition and Enforcement of Foreign Arbitral Awards—better known as the "New York Convention"—applies. 9 U.S.C. § 207.  In Jamgotchian's view, three of those defenses preclude enforcement of the award against him.  We disagree.

**1.**     Jamgotchian asserts that he was not provided "proper notice" of the arbitration proceedings as required under the New York Convention.  *See* N.Y. Convention art. V(1)(b), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38.  In this context, "proper notice" means notice that is reasonably calculated to apprise a litigant of arbitration proceedings.  *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).  We have no doubt that the notices both Coolmore and the arbitrator sent by mail, email, and fax on numerous occasions over a six-month period were reasonably calculated to apprise Jamgotchian of the overseas

---

**     The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

arbitration instituted against him. Jamgotchian's claim that he never received those notices is both incredible and unpersuasive.

2. Jamgotchian next argues that the arbitrator was not appointed "in accordance with the agreement of the parties," N.Y. Convention, art. V(1)(d), because the appointing entity was the Thoroughbred Breeders Association (TBA) of the United Kingdom as opposed to the TBA of the Republic of Ireland. No evidence in the record supports Jamgotchian's claim. In fact, just the opposite: A witness who has worked in the Irish racehorse industry for decades testified that "[i]t is the custom and practice in the thoroughbred industry in the Republic of Ireland that disputes regarding Nomination Agreements that require arbitration are handled through the Thoroughbred Breeders Association in England." Even Jamgotchian himself stated in his declaration that "to [his] knowledge, there [is] no TBA in Ireland." In light of that uncontradicted evidence, we reject Jamgotchian's contention that the arbitration provisions referred to the TBA of the Republic of Ireland.

3. Finally, Jamgotchian claims that confirming the arbitration awards would offend the public policy of the United States, *see* N.Y. Convention art. V(2)(b), because the arbitrator was biased in Coolmore's favor. That bias, Jamgotchian explains, arose from the arbitrator's role in an organization that

collects registration fees in exchange for sponsoring horse races in which Coolmore's horses participate. We are not persuaded. Any financial benefits the arbitrator may receive from dealing with Coolmore are so attenuated that no inference of bias can be made. *See Woods v. Saturn Distrib. Corp.*, 78 F.3d 424, 429 (9th Cir. 1996). Jamgotchian's contention is therefore meritless.[1]

**AFFIRMED.**

---

[1] We also reject Jamgotchian's remaining contentions that concern the merits of the underlying dispute and are unrelated to the only defenses enumerated in the New York Convention. *See China Nat'l Metal Prods. Imp./Exp. Co. v. Apex Digital, Inc.*, 379 F.3d 796, 799 (9th Cir. 2004) ("Rather than review the merits of the underlying arbitration, we review de novo only whether the party established a defense under the [New York] Convention.").